**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JUSTIN STAHL,<br>            Plaintiff,<br>   v.<br>CYNTHIA CHEN, et al.,<br>            Defendants. | Case No.  25-cv-08679-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF JUSTIN STAHL AS GUARDIAN AD LITEM FOR MINOR PLAINTIFFS W.S. AND C.S.**<br><br>[ECF No. 11] |

Plaintiff Justin Stahl filed a complaint on behalf of himself "and as Guardian Ad Litem for his minor children, W.S. and C.S." ECF No. 1 at 1. Mr. Stahl, who is *pro se*, submitted a Motion for Appointment of Justin Stahl as Guardian Ad Litem for Minor Plaintiffs, which is before the Court. ECF No. 11.

**I.   BACKGROUND**

Because it was unclear from the record, the Court requested further information regarding whether Mr. Stahl has the legal authority to make necessary decisions for this litigation on behalf of the Minor Plaintiffs without the written consent of a third party. ECF No. 12. Mr. Stahl submitted a Supplemental Declaration in support of the motion for appointment of guardian ad litem, to which he attached relevant family court orders. *See* Supplemental Declaration of Justin Stahl in Support of Motion for Appointment of Guardian Ad Litem, ECF No. 13 ("Stahl Supp. Decl."), Exs. A, B.

**II.   DISCUSSION**

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—

1  or issue another appropriate order—to protect a minor or incompetent person who is unrepresented
2  in an action." Fed. R. Civ. P. 17(c)(2). The determination of an individual's capacity to sue is
3  made based on "the law of the individual's domicile." *Id.* 17(b)(1).

4  From the record, Mr. Stahl and the Minor Plaintiffs appear to be residents of California, so
5  California law applies. As Mr. Stahl explains in his supplemental declaration, the family court
6  orders indicate that the Minor Plaintiffs' mother has "sole legal custody" of the children. Stahl
7  Supp. Decl. ¶ 43; *see also id.* Ex. A. "'Sole legal custody' means that one parent shall have the
8  right and the responsibility to make the decisions relating to the health, education, and welfare of a
9  child." Cal. Fam. Code § 3006.

10  Because a parent has "the right to determine if and when their child should bring a civil
11  lawsuit," *Williams v. Superior Court*, 147 Cal.App.4th 36, 52 (2007), the Court finds that Mr.
12  Stahl cannot serve as the guardian ad litem without the consent of the person with sole legal
13  custody of the children. *See also R.L. v. Taylor*, No. A141311, 2015 WL 468408, at *3
14  (Cal. Ct. App. Feb. 3, 2015) (unpublished opinion) (holding that the trial court did not err "in
15  concluding that mother—having sole custody and having been substituted as the guardian ad
16  litem—had the sole right to decide whether to proceed" with ongoing litigation); *Paz v. Arizona*,
17  No. 14-cv-02377-TUC-BPV, 2017 WL 11630876, at *1 (D. Ariz. Aug. 16, 2017) ("[W]here [a
18  minor's] mother has sole legal custody, it follows that [a non-custodial parent] cannot sue on
19  behalf of [the minor] because he does not have custody or guardianship over [the minor].").

20  The Court appreciates that the constitutional rights at issue in this litigation are very
21  important. But so long as the family court order is in force, and so long as the children's mother
22  has sole legal custody, this Court is bound by that determination. Accordingly, the Court will
23  deny Mr. Stahl's motion without prejudice to refiling it if he obtains the written consent of the
24  person with sole legal custody of the children.

25  **III.   ORDER**

26  For the foregoing reasons, IT IS HEREBY ORDERED that the Motion for Appointment
27  of Justin Stahl as Guardian Ad Litem for Minor Plaintiffs, ECF No. 11, is DENIED WITHOUT
28  PREJUDICE. An individual must be appointed to represent the children's interests going forward

in this litigation.  Mr. Stahl SHALL submit a new motion to appoint a guardian ad litem within **twenty-one days of the date of this order**, on or before **December 12, 2025**.

**IT IS SO ORDERED.**

Dated:  November 21, 2025

_____
BETH LABSON FREEMAN
United States District Judge