UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUSTIN STAHL,<br>             Plaintiff,<br>    v.<br>CYNTHIA CHEN, et al.,<br>             Defendants. | Case No.  25-cv-08679-BLF<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>[Re: ECF No. 16] |

## I. BACKGROUND

Plaintiff Justin Stahl, proceeding *pro se*, filed a complaint on behalf of himself "and as Guardian Ad Litem for his minor children, W.S. and C.S." ECF No. 1 at 1.  He filed a Motion for Appointment of Justin Stahl as Guardian Ad Litem for Minor Plaintiffs, ECF No. 11, which the Court denied without prejudice on November 21, 2025, ECF No. 14.  In that Order, the Court explained that absent consent of the Minor Plaintiffs' mother, who was granted sole legal custody by the state family court, Mr. Stahl could not be approved as guardian ad litem.

On December 12, 2025, Mr. Stahl filed a Motion for Reconsideration with respect to the Court's Order Denying Without Prejudice the Motion for Appointment of Justin Stahl as Guardian Ad Litem for Minor Plaintiffs W.S. and C.S.  ECF No. 16 ("Mot").  For the reasons that follow, the Court DENIES the motion for reconsideration.

## II. LEGAL STANDARD

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment.  Fed. R. Civ. P. 54(b).  The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  Motions for

reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted).

The Northern District of California also has local rules governing motions for reconsideration. A motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b).

## III. DISCUSSION

In support of his motion for reconsideration, Mr. Stahl makes two primary arguments. He urges that (1) the Court failed to consider "material facts establishing the mother's actual conflict of interest," and (2) the Court failed to consider dispositive legal arguments demonstrating that the mother's consent cannot be required under these circumstances. *See* Mot. at 4–11.

Having considered Mr. Stahl's arguments, the Court DENIES the Motion for Reconsideration. The Court finds that there is no change in law or facts that warrants appointment of Mr. Stahl as guardian ad litem for the Minor Plaintiffs. The Court further notes that courts have "broad discretion in ruling on a guardian ad litem application." *Williams v. Superior Ct.*, 147 Cal. App. 4th 36, 47 (2007).

The Court does not find that its Order is predicated on clear legal error. To the contrary, Mr. Stahl's declaration does not establish the Minor Plaintiffs' mother's actual conflict of interest, so Mr. Stahl's legal arguments so assuming are not persuasive. Mr. Stahl's declaration asserting, for example, that he has not sought the consent of the Minor Plaintiffs' mother on the grounds that he believes "her interests are directly adverse to the claims being asserted on behalf of the children" does not mean that there exists a conflict of interest. ECF No. 13 ¶ 52. The Court is not prepared to find that there is a conflict of interest, especially given that the Minor Plaintiffs' mother has

1  apparently not been given notice or an opportunity to respond with her position.

2      At bottom, Mr. Stahl's motion amounts to a disagreement with this Court's ruling on the
3  facts and the law and does not warrant reconsideration.

4  **IV.   ORDER**

5      For the foregoing reasons, IT IS HEREBY ORDERED that Mr. Stahl's Motion for
6  Reconsideration is DENIED. An individual must be appointed to represent the children's interests
7  going forward in this litigation. Mr. Stahl SHALL submit a new motion to appoint a guardian ad
8  litem within thirty days of the date of this order, on or before **January 15, 2026.**

10  Dated: December 16, 2025

11                                                _____
12                                                BETH LABSON FREEMAN
                                              United States District Judge